**Case No. 26-229**

---

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

---

CHEX SYSTEMS, INC.,

Defendant-Petitioner,

v.

SHARON K. RIDDICK,
on behalf of herself and all others similarly situated,

Plaintiff-Respondent,

---

On Petition for Permission to Appeal from the United States District Court for the Eastern District of Virginia, Norfolk Division, No. 2:24-cv-700

---

# MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF PETITION FOR PERMISSION TO APPEAL UNDER FEDERAL RULE OF CIVIL PROCEDURE 23(f)

---

David M. Gettings
John C. Lynch
Kathleen M. Hutchenreuther
TROUTMAN PEPPER LOCKE LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7500
Facsimile: (757) 687-7510

*Counsel for Defendant-Petitioner Chex Systems, Inc.*

November 16, 2026

Defendant-Petitioner Chex Systems, Inc. ("ChexSystems") respectfully moves for leave to file the attached reply in support of its petition for permission to appeal under Federal Rule of Appellate Procedure 5 and Federal Rule of Civil Procedure 23(f) (Dkt. No. 2, the "Petition"). While neither the Federal Rules of Appellate Procedure nor this Court's Rules expressly address the filing of a reply brief in support of a Rule 23(f) petition, ChexSystems submits that this short reply brief will assist the Court in considering the Petition.

ChexSystems has carefully limited the arguments in its reply brief. As explained in the Petition, ChexSystems seeks leave to appeal the district court's decision to certify a class without applying the controlling precedent of this Court in four areas: (1) failing to apply this Court's standard in *Roberts v. Carter-Young, Inc.*, 131 F.4th 241 (4th Cir. 2025), which requires a Fair Credit Reporting Act plaintiff to prove inaccurate information was "objectively and readily verifiable"; (2) failing to apply the standard of *Overby v. Anheuser-Busch, LLC*, 178 F.4th 175 (4th Cir. 2026), and *Stafford v. Bojangles' Rests., Inc.*, 123 F.4th 671 (4th Cir. 2024), which prohibit a district court from relying on overly generalized company policies when determining class certification; (3) failing to apply this Court's standard in *Fernandez v. RentGrow, Inc.*, 116 F.4th 288 (4th Cir. 2024), which requires an FCRA plaintiff to prove that a consumer report recipient read and comprehended the defamatory significance of inaccurate information; and (4) basing its ascertainability

analysis on a misapplication of *Sardis v. Overhead Door Corp.*, 10 F.4th 268 (4th Cir. 2021), which prohibits a district court from crediting incomplete and untested expert methodology. The reply brief will aid this Court's consideration of the issues raised in the Petition by responding to Plaintiff's arguments.

ChexSystems conferred with Plaintiff-Respondent before filing this Motion and Plaintiff-Respondent took no position on the request. ChexSystems' proposed brief is attached as Exhibit A.

Dated: November 16, 2026 Respectfully submitted,

**CHEX SYSTEMS, INC.**

By: */s/ David M. Gettings*
David M. Gettings (VSB # 80394)
John C. Lynch (VSB # 39267)
Kathleen M. Hutchenreuther (VSB # 90845)
TROUTMAN PEPPER LOCKE LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7500
Facsimile: (757) 687-7510
Email: dave.gettings@troutman.com
Email: john.lynch@troutman.com
Email: kathleen.hutchenreuther@troutman.com

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A), because this motion contains **319** words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f).

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6), because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman type.

Dated: November 16, 2026

Respectfully submitted,

**CHEX SYSTEMS, INC.**

By: */s/ David M. Gettings*

David M. Gettings (VSB # 80394)
John C. Lynch (VSB # 39267)
Kathleen M. Hutchenreuther (VSB # 90845)
TROUTMAN PEPPER LOCKE LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7500
Facsimile: (757) 687-7510
Email: dave.gettings@troutman.com
Email: john.lynch@troutman.com
Email: kathleen.hutchenreuther@troutman.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2026, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, and I further certify that a true and correct copy of the foregoing document was sent via electronic mail to the following counsel of record:

**<u>Counsel for Plaintiff-Respondent</u>**

Leonard A. Bennett, VSB #37523
Craig C. Marchiando, VSB #89736
Mark C. Leffler, VSB #40712
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd., Ste. 1-A
Newport News, VA 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
Email: lenbennett@clalegal.com
Email: craig@clalegal.com
Email: mark@clalegal.com

Drew D. Sarrett, VSB #81658
Emily Connor Kennedy, VSB #83889
Consumer Litigation Associates, P.C.
626 E. Broad Street, Suite 300
Richmond, VA 23219
Telephone: (804) 905-9900
Facsimile: (757) 930-3662
Email: drew@clalegal.com
Email: emily@clalegal.com

*Counsel for Plaintiff-Respondent*

<u>By: */s/ David M. Gettings*</u>
David M. Gettings (VSB # 80394)

# EXHIBIT A

**Case No. 26-229**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

---

CHEX SYSTEMS, INC.,

Defendant-Petitioner,

v.

SHARON K. RIDDICK,
on behalf of herself and all others similarly situated,

Plaintiff-Respondent,

---

On Appeal from the United States District Court for the
Eastern District of Virginia, Norfolk Division, No. 2:24-cv-700

---

# DEFENDANT'S REPLY IN SUPPORT OF PETITION FOR LEAVE TO APPEAL CLASS CERTIFICATION ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23(f)

---


David M. Gettings
John C. Lynch
Kathleen M. Hutchenreuther
TROUTMAN PEPPER LOCKE LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7500
Facsimile: (757) 687-7510

*Counsel for Defendant-Petitioner Chex Systems, Inc.*


November 16, 2026

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION .......... 1

II. ARGUMENT .......... 2

A. The district court ignored the accuracy standard, which led to manifest errors in predominance and typicality. .......... 2

B. A generalized characterization of ChexSystems' policies is insufficient. .......... 5

C. Standing cannot be presumed. .......... 7

D. The ascertainability holding rests on steps Jaffe never performed. .......... 9

1. The ascertainability ruling depends on the *Daubert* ruling. .......... 9

2. The Fourth Circuit requires an indispensable gatekeeping review to ensure a tested and reliable methodology. .......... 10

3. The district court could not explain the 42% error rate. .......... 11

4. The manual review the district court prescribed is the individualized fact-finding *EQT* forbids. .......... 11

III. CONCLUSION .......... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*EQT Prod. Co. v. Adair*,
764 F.3d 347 (4th Cir. 2014) .......... 11

*Fernandez v. RentGrow, Inc.*,
116 F.4th 288 (4th Cir. 2024) .......... 1, 7, 8, 9

*Guthrie v. PHH Mortg. Corp.*,
79 F.4th 328 (4th Cir. 2023) .......... 5

*Holmes v. Elephant Ins. Co.*,
156 F.4th 413 (4th Cir. 2025) .......... 9

*Krakauer v. Dish Network, L.L.C.*,
925 F.3d 643 (4th Cir. 2019) .......... 11

*Losch v. Nationstar Mortg. LLC*,
995 F.3d 937 (11th Cir. 2021) .......... 5

*Overby v. Anheuser-Busch, LLC*,
178 F.4th 175 (4th Cir. 2026) .......... 5, 6

*Roberts v. Carter-Young, Inc.*,
131 F.4th 241 (4th Cir. 2025) .......... 1, 2

*Sardis v. Overhead Door Corporation*,
10 F.4th 268 (4th Cir. 2021) .......... 10, 11

*Stafford v. Bojangles' Rests., Inc.*,
123 F.4th 671 (4th Cir. 2024) .......... 5

*Stillmock v. Weis Mkts., Inc.*,
385 F. App'x 267 (4th Cir. 2010) .......... 2

# TABLE OF AUTHORITIES (CONT.)

**Page(s)**

**Statutes**

15 U.S.C. § 1681e(b) ....................................................................................................9

**Other Authorities**

Fed. R. Civ. P. 23 ..................................................................................1, 2, 4, 10, 12

## I. INTRODUCTION

Plaintiff's Opposition does not defend the certification opinion the district court wrote. It defends a different one.

The Opposition rewrites the district court's pivotal statement that discharged debts "appear[] in a publicly available Discharge Order" as a "choice of words." Pl.'s Br. in Opp. to Pet. for Permission to Appeal under Rule 23(f) 11 ("Opp."). It attempts to analyze the class members' claims under the Fourth Circuit's accuracy standard in *Roberts v. Carter-Young, Inc.*, 131 F.4th 241 (4th Cir. 2025), when the district court never cited *Roberts*. Opp. 7-14. It argues the district court can assume each consumer report recipient read the allegedly inaccurate information and comprehended its defamatory significance under *Fernandez v. RentGrow, Inc.*, 116 F.4th 288, 296 (4th Cir. 2024), Opp. 16-17, when the evidence contradicts any such inference. And it rationalizes Plaintiff's expert, Mr. Jaffe, misidentifying the purported class at an error rate of at least 42%, which the district court itself could not explain. Opp. 20-21.

Given these weaknesses (and others) in the class certification decision, the Opposition attempts to minimize the decision itself. Plaintiff argues a Rule 23(f) review is unnecessary because the district court could always "revisit[]" its decision. Opp. 2. Neither ChexSystems nor the Fourth Circuit can rely on speculation that the district court could change its analysis in the future. And Plaintiff somehow suggests

this is a low-value case while seeking millions of dollars from ChexSystems. *See* Opp. 2 (suggesting class of thousands of members who would each seek statutory damages, punitive damages, and attorneys' fees). Indeed, Judge Wilkinson has noted that Fair Credit Reporting Act ("FCRA") class actions create the prospect of "annihilative liability." *Stillmock v. Weis Mkts., Inc.*, 385 F. App'x 267, 276 (4th Cir. 2010) (Wilkinson, J., concurring).

The district court certified a nationwide class without properly applying this Court's controlling standards for inaccuracy, standing, expert reliability, and the elements of Rule 23. This is precisely what Rule 23(f) is designed to address.

## II. ARGUMENT

### A. The district court ignored the accuracy standard, which led to manifest errors in predominance and typicality.

ChexSystems' Petition showed that the district court ignored the Fourth Circuit's "objectively and readily verifiable" standard for accuracy in *Roberts*. By disregarding the standard, the district court glossed over significant differences in the *application* of that standard across the class, leading to manifest error in its predominance and typicality analysis. Pet. 8-14. Plaintiff tries to explain away these failures, but she cannot.

First, contrary to the Opposition, the record does not support Plaintiff's application of the standard to her claim. It relies on unique assumptions about Plaintiff that render her atypical.

Plaintiff argues that the alleged inaccuracy in every class member's report is objectively and readily verifiable because determining whether each account was discharged at the time of ChexSystems' report turns on only two questions—the first of which is "did the debt arise before the Chapter 7 filing," which she claims is "answered from dates and docket entries." Opp. 8. Plaintiff's problem is that no date in ChexSystems' records and no "docket entries" pertaining to Plaintiff show the debt arose *before* Plaintiff's Chapter 7 filing. The evidence shows the opposite:

- The only date associated with Plaintiff's account in ChexSystems' records (closure date) was *after* Plaintiff's Chapter 7 filing, not before. Dkt. 110, at 13 (citing Bruce Decl. ¶ 21 & Pl. Dep. 118:2-21).
- The SunTrust debt Plaintiff listed in her bankruptcy had *no account number* and had a *different amount* than the debt ChexSystems was reporting. *Id.* at 13.

Thus, ChexSystems' only record indicated the debt was *post*-Chapter 7 filing. And even if ChexSystems manually reviewed Plaintiff's bankruptcy docket, there was no link between her bankruptcy schedule and the debt in ChexSystems' records. There is no comparison of "dates" from ChexSystems' records and "docket entries" from Plaintiff's bankruptcy that would objectively and readily verify the debt ChexSystems was reporting was discharged.

Because of this evidentiary gap, Plaintiff pivots to assumptions she claims ChexSystems should have made. She believes ChexSystems should have *assumed* the SunTrust debt pre-dated her bankruptcy because ChexSystems should assume she failed to pay the debt for months before account closure. Opp. 13. But there is no *evidence* of these months of alleged non-payment or that ChexSystems could have known of them, and there is no evidence of SunTrust's policies regarding the timing of closures as compared to the date of a debt. Plaintiff's only "citation" for this assumption is *ipse dixit*. *Id.* (citing Dkt. 156, at 10-11, which consists of unsupported argument, and Dkt. 107, at 13, which cites Plaintiff's interrogatory response). Plaintiff also claims ChexSystems should have made this assumption because she scheduled a SunTrust debt in her bankruptcy. Opp. 13. Yet that would require ChexSystems to review every bankruptcy schedule and assume debts with different amounts and no account numbers are the same.

Ultimately, it does not matter whether these are reasonable assumptions (they are not). What matters is that the assumptions are necessary for Plaintiff to even argue ChexSystems' reporting on her was objectively and readily verifiable as inaccurate. This renders her atypical.[1]

[1] Plaintiff deflects these questions by arguing they go to the merits. Opp. 13. Not so. They are inextricably intertwined with the Rule 23 factors. Moreover, ChexSystems moved for summary judgment nearly four months before the district court's class certification decision, Dkts. 242 & 243, but Plaintiff moved to stay briefing to avoid the merits. Dkts. 264 & 265.

Second, Plaintiff cites case law to suggest courts have already decided a consumer reporting agency ("CRA") can objectively and readily verify whether each debt is discharged. Opp. 9. Not so. Plaintiff overstates *Roberts*' holding regarding *Guthrie v. PHH Mortg. Corp.*, 79 F.4th 328, 345 (4th Cir. 2023). The *Guthrie* analysis was directed to a furnisher, not a CRA. It asks only whether a *furnisher* could have determined the account *it was servicing* was discharged after the consumer sent the furnisher letters detailing the discharge and the bankruptcy court sent the furnisher the discharge order. *Id.* at 335. Similarly, Plaintiff cites *Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 946 (11th Cir. 2021), but that case did not involve the objectively and readily verifiable standard. Instead, it evaluated a CRA's procedures in response to a consumer dispute that included an account number, the discharge order, and an explanation of the discharge. *Id.* at 946-47. None of which occurred here.

No citation in the Opposition holds that a CRA can objectively and readily verify discharged accounts using common proof across a purported class.

**B. A generalized characterization of ChexSystems' policies is insufficient.**

In its certification order, the district court's common question is effectively whether ChexSystems used reasonable procedures. Mem. Op. 16. This conflicts with this Court's holdings in *Overby v. Anheuser-Busch, LLC*, 178 F.4th 175 (4th Cir. 2026), and *Stafford v. Bojangles' Rests., Inc.*, 123 F.4th 671 (4th Cir. 2024),

which hold that a court errs in relying on "overly generalized company policies" because that "too often disguise[s] the dissimilarity of prospective class members." *Overby*, 178 F.4th at 178 (citations omitted). The district court fell into this "exact trap." *Id.* To dig out, the Opposition asserts several flawed arguments.

First, in response to ChexSystems' argument that the reliability of each furnisher is just one significant individualized issue the district court overlooked, Pet. 15-16, Plaintiff summarily argues these furnisher issues "do not defeat certification." Opp. 14-16. The law says otherwise. Sister circuits routinely hold that CRAs may rely on furnishers to accurately report information absent any facial inconsistency, notice of inaccuracy, or notice that the financial institution is unreliable. *See* Pet. 15-16. Plaintiff does not argue that every class member's report was facially inconsistent or that each consumer disputed accuracy with ChexSystems. So Plaintiff *must* prove *each* furnisher was so unreliable—with no variability among them—that ChexSystems must preemptively check behind each furnisher before preparing a report. Plaintiff never demonstrated each furnisher across the class was unreliable. She never tried. She just claims it does not matter.

Second, Plaintiff highlights a generic portion of the FTC's *40 Years Report* to support her argument as to ChexSystems' procedures, Opp. 15, but ignores that the FTC specifically addressed reasonable procedures for a CRA updating discharged accounts—likely because ChexSystems does exactly what the FTC advises. The

FTC listed as an example of a CRA following reasonable procedures one where the CRA requires "its creditors to notify the CRA when a previously past due account has been paid or discharged in bankruptcy." Fed. Trade Comm'n, *40 Years of Experience with the Fair Credit Reporting Act*, at 68 (2011), https://perma.cc/6QMJ-MDDY; Dkt. 110, at 1, 6-7. Even the FTC suggests individual furnisher reliability is a central liability question—yet Plaintiff ignores it because it defeats predominance and typicality.

Finally, the district court framed as a common question whether ChexSystems is required to adopt the alternative procedure Plaintiff pushes: a preemptive bankruptcy "scrub" to double-check reported information. Mem. Op. 16; Opp. 15. This misses the point. This case is about whether what ChexSystems actually *does* is reasonable when assessing the facts of each individual class member, not about whether a plaintiff could conjure a *different* procedure and then sue over its absence. If so, FCRA plaintiffs could *always* demonstrate commonality and predominance.

### C. Standing cannot be presumed.

Plaintiff acknowledges this Court held in *Fernandez v. RentGrow, Inc.*, 116 F.4th 288 (4th Cir. 2024), that standing requires "a third party 'read[]' and 'comprehend[]' the misleading information." Opp. 17. But the district court disregarded Plaintiff's burden to prove the report recipient read *and comprehended* the defamatory significance of the allegedly inaccurate information on each class

member's report. In her Opposition, Plaintiff offers a remedy to this evidentiary and analytical gap: simply *presume* standing because "a recipient reads what it asked for." *Id.* But this flies in the face of *Fernandez*, which requires a plaintiff to prove the recipient not only read the allegedly inaccurate information, but *understood* it as defamatory. *Fernandez*, 116 F.4th at 297-99.

While *Fernandez* leaves open the possibility a court could infer a recipient read an alleged inaccuracy and understood it as defamatory in certain situations, *id.* at 298, that inference does not apply here.

First, to even consider such an inference, the Fourth Circuit requires the plaintiff to introduce evidence supporting the inference—evidence of something more than the recipient receiving the report. *See id.* (recognizing that even in "inference" cases, there must be "evidence that can be relevant for proving it"). Plaintiff has no evidence whatsoever of class-wide recipient procedures to support such an inference.

Second, no inference is available when the evidence contradicts it. *Id.* at 299. As to her individual claim, Plaintiff's presumption that Chartway read the allegedly inaccurate information in her report and deemed it defamatory conflicts with the admissible evidence. ChexSystems' customers use custom strategies to evaluate reported information, with ChexSystems including an "accept" or "deny" recommendation in each report based on the customer's strategy. *See* Dkt. 110, at

5. The strategy reflects what items the customer views as derogatory with respect to opening an account, and what items the customer deems immaterial. For Plaintiff's reports, Chartway's custom strategy resulted in an "*accept*" recommendation each time. *Id.* at 14-15. Thus, the only admissible evidence shows Chartway did *not* identify the SunTrust account as defamatory; it scored Plaintiff's report as "accept." *Id.* As in *Fernandez*, Plaintiff's proposed inference as to standing "has proven to be unsupported." *Fernandez*, 116 F.4th at 300. She certainly has no evidence to the contrary. This renders Plaintiff atypical and creates individualized standing issues that defeat predominance.

Finally, at a higher level, Plaintiff's theory would provide standing to *every* plaintiff asserting a claim under 15 U.S.C. § 1681e(b) by *presuming* every recipient who ordered a report *also* read all allegedly inaccurate information and understood it as defamatory. Opp. 17-18. But the law says otherwise. "[A] plaintiff cannot 'manufacture standing' by resort to a theory that would permit standing in every case." *Holmes v. Elephant Ins. Co.*, 156 F.4th 413, 434 (4th Cir. 2025).

### D. The ascertainability holding rests on steps Jaffe never performed.

#### 1. The ascertainability ruling depends on the *Daubert* ruling.

The district court wrongly found ascertainability based on Plaintiff's expert, Mr. Jaffe, performing a partial analysis that the district court deemed a "close approximation" of the class. Pet. 19-20. Plaintiff tries to rewrite this analysis,

arguing the "close approximation" language appears only in the *Daubert* section, and claiming the district court "required, and found, more" when it addressed ascertainability. Opp. 19. Not so. The ascertainability section begins "[t]aking Jaffe's report into consideration." Mem. Op. 31. It rests almost entirely on the premise that "Jaffe's method can add an additional automated step to identify reaffirmation agreements and adversary proceedings." *Id.* Those steps were *described* in a rebuttal report, but never *performed*. *Id.* at 27. Thus, the district court's *Daubert* findings were inextricably intertwined with its Rule 23 analysis.

**2. The Fourth Circuit requires an indispensable gatekeeping review to ensure a tested and reliable methodology.**

Contrary to Plaintiff's claim, this Court's standard for expert admissibility in *Sardis v. Overhead Door Corporation*, 10 F.4th 268 (4th Cir. 2021), is not limited to a "single-plaintiff products case." Opp. 20. Any theory that has not been tested, even if "plausible," "is no more than a hypothesis, and it thus is not knowledge." *Sardis*, 10 F.4th at 290-92 (citation omitted). The district court is charged with this "indispensable" gatekeeping role; it may not treat such objections as going only to weight. *Id.* at 281-82, 284.

Plaintiff's reliance on the principle that class members need not all be identified at certification, Opp. 19-20, answers a question ChexSystems did not ask. The issue is not whether every member must be named at the time of certification—

ChexSystems never made that argument—it is whether the method has been shown to work. *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 658 (4th Cir. 2019).

### 3. The district court could not explain the 42% error rate.

The Opposition attempts to explain why Jaffe's methodology failed at a 42% error rate. Opp. 20-21. The district court, however, did not. It found the failings occurred "[f]or reasons that are unclear to the Court," yet upheld the methodology nonetheless because it purportedly captured "at a minimum, a majority of the class members." Mem. Op. 28. A methodology with an error rate nearing a coin flip, and with Jaffe having never attempted his remaining steps against the other 58%, is not one whose "known or potential rate of error" has been assessed. *Sardis*, 10 F.4th at 281 (citations omitted).

### 4. The manual review the district court prescribed is the individualized fact-finding *EQT* forbids.

"A class cannot be certified unless a court can readily identify the class members in reference to objective criteria" without resorting to "extensive and individualized fact-finding or mini-trials." *EQT Prod. Co. v. Adair*, 764 F.3d 347, 358 (4th Cir. 2014) (citations and quotation marks omitted). Here, to identify the purported class, the district court found counsel could "manually review" PACER records for every consumer whose account closed between petition and discharge, including Plaintiff. Mem. Op. 31. Plaintiff calls this a "yes-or-no check." Opp. 21. Yet, Plaintiff's own case shows otherwise. It required a conversion-date analysis, a

search for pre-conversion debts, and reliance on Plaintiff's "attest[ation in discovery]" to match a scheduled debt to ChexSystems' records. Mem. Op. 19 (citing Dkt. 107, at 13); Pet. 13. As these steps require individualized fact-finding, the district court's error on *Daubert* irreparably taints its ascertainability analysis.

## III. CONCLUSION

This Court should grant ChexSystems' Rule 23(f) Petition because the district court's opinion is manifestly erroneous.

Dated: November 16, 2026

Respectfully submitted,

**CHEX SYSTEMS, INC.**

By: */s/ David M. Gettings*

David M. Gettings (VSB # 80394)
John C. Lynch (VSB # 39267)
Kathleen M. Hutchenreuther (VSB # 90845)
TROUTMAN PEPPER LOCKE LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7500
Facsimile: (757) 687-7510
Email: dave.gettings@troutman.com
Email: john.lynch@troutman.com
Email: kathleen.hutchenreuther@troutman.com

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Fed. R. App. P. 27(d)(2)(C), because this reply brief contains **2596** words, excluding the parts of the filing exempted by Fed. R. App. P. 32(f).

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6), because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman type.

Dated: November 16, 2026 Respectfully submitted,

**CHEX SYSTEMS, INC.**

By: */s/ David M. Gettings*
David M. Gettings (VSB # 80394)
John C. Lynch (VSB # 39267)
Kathleen M. Hutchenreuther (VSB # 90845)
TROUTMAN PEPPER LOCKE LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7500
Facsimile: (757) 687-7510
Email: dave.gettings@troutman.com
Email: john.lynch@troutman.com
Email: kathleen.hutchenreuther@troutman.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2026, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, and I further certify that a true and correct copy of the foregoing document was sent via electronic mail to the following counsel of record:

**<u>Counsel for Plaintiff-Respondent</u>**

Leonard A. Bennett, VSB #37523
Craig C. Marchiando, VSB #89736
Mark C. Leffler, VSB #40712
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd., Ste. 1-A
Newport News, VA 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
Email: lenbennett@clalegal.com
Email: craig@clalegal.com
Email: mark@clalegal.com

Drew D. Sarrett, VSB #81658
Emily Connor Kennedy, VSB #83889
Consumer Litigation Associates, P.C.
626 E. Broad Street, Suite 300
Richmond, VA 23219
Telephone: (804) 905-9900
Facsimile: (757) 930-3662
Email: drew@clalegal.com
Email: emily@clalegal.com

*Counsel for Plaintiff-Respondent*

By: */s/ David M. Gettings*
David M. Gettings (VSB # 80394)